Filed 1/16/25  P. v. Bruce CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROGER ALLEN BRUCE,<br><br>    Defendant and Appellant. | B329013<br>(Los Angeles County<br>Super. Ct. No. NA111849) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Conditionally reversed and remanded.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

After a jury found Roger Bruce (defendant) guilty of assault with a deadly weapon, defendant's trial counsel moved for mental health diversion. The trial court denied the motion on the sole ground that it was untimely. On appeal, defendant concedes the motion's untimeliness and asserts his counsel was ineffective for failing to act sooner. We agree and will conditionally reverse the judgment and remand this matter for the court to consider the merits of defendant's motion for mental health diversion. We also direct the court to award defendant 1,398 days in conduct credit.

# II. FACTS AND PROCEDURAL BACKGROUND

## A. *Charges and Conviction*

On December 30, 2019, the Los Angeles County District Attorney (District Attorney) filed an information charging defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1] The District Attorney further alleged that defendant had two prior convictions for robbery (in 2003) and assault with a deadly weapon (in 2010) within the meaning of the Three Strikes Law. (§§ 667, subds. (b)–(i) and 1170.12, subds. (a)–(d).)

On November 4, 2020, a jury found defendant guilty of assault with a deadly weapon and the parties agreed that a bench

---

[1] All further undesignated statutory references are to the Penal Code.

trial on defendant's alleged prior convictions would take place at a later date.

B.    *Motion for Mental Health Diversion and* Romero[2] *Motion*

On July 1, 2021, before the bench trial on defendant's prior convictions, defendant filed a motion for diversion pursuant to section 1001.36.  In support of his motion, defendant submitted a report by Dr. Pietro Ingillo, dated May 5, 2021, which included a summary of defendant's psychiatric history, including from 2003 and 2004, and Dr. Ingillo's opinion that:  (1) defendant's mental illness played a significant role in the commission of the charged offense; (2) the symptoms motivating defendant's behavior would respond to mental health treatment; (3) defendant did not pose an unreasonable risk of danger to the public if he received treatment; and (4) the proposed treatment plan met defendant's specialized mental health treatment needs.

On that same date, defendant also filed a motion to strike his prior strike convictions under *Romero, supra*, 13 Cal.4th 497 and section 1385.  Defendant supported that motion with, among other items, Dr. Ingillo's May 5, 2021, report.

On July 9, 2021, the parties appeared for a hearing and bench trial on defendant's prior convictions.  At the outset of that hearing, the trial court referenced a split in authority as to whether a court must consider mental health diversion for a defendant who has been convicted at a jury trial but has not yet been sentenced.  Defense counsel responded: "I might as well say it now.  After reading [defendant's] doctor's psych evaluation, I

---

[2]    *People v. Romero* (1996) 13 Cal.4th 497 (*Romero*).

realize that I was wrong in not filing that petition [for mental health diversion] prior to trial.  I looked at the evidence.  I looked, frankly—"

The trial court interjected, stating "[t]here is nothing in this trial record, nothing from anything that I have seen so far that shows that [defendant] would be suitable [for mental health diversion].  However, the court is required and will read everything."  The prosecutor then requested to continue the hearing to a later date so that it could respond to defendant's motions, and the court granted that request.

On July 23, 2021, the parties appeared for the continued hearing, at which the trial court advised defendant that he "may or may not be eligible for mental health diversion."  Defendant asked, "How come this was never considered before trial?"  Defense counsel explained, "I didn't think he was eligible."  Defendant responded, "For the record, I mentioned it to him."  The court then continued the hearing multiple times to allow for the Supreme Court to decide the then existing split in authority as to "the latest point at which a defendant's request for mental health diversion is timely under . . . section 1001.36."  (*People v. Braden* (July 14, 2021, S268925) 2021 WL 2965455.)

The trial court then proceeded with the hearing on defendant's motions and sentencing on March 3, 2023, prior to our Supreme Court's decision in *People v. Braden* (2023) 14 Cal.5th 791 at page 800 [a request for mental health diversion "must be made before attachment of jeopardy at trial or the entry of a guilty or no contest plea, whichever occurs first"].  At that hearing, defense counsel advised the court, "I filed a petition for diversion posttrial.  I should have done it before the trial.  I have no tactical reason for not doing so. . . .  I didn't have a reason to

4

not do it before." The court denied the motion for pretrial diversion on the sole ground that it was untimely.

The trial court then considered the merits of defendant's *Romero* motion. The court explained that the crime involved "great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." It also noted that defendant was armed at the time of the crime and the victim was particularly vulnerable. Finally, the court considered defendant's criminal history and prior prison and county jail terms and determined that defendant was "a danger to society as these two strike priors reflect." It therefore denied defendant's *Romero* motion and sentenced defendant to 25 years to life for assault with a deadly weapon, and imposed but stayed two five-year sentences for the two prior convictions. The court awarded defendant actual credit of 1,399 days but denied him conduct credits.

Defendant timely filed a notice of appeal.

## III. DISCUSSION

On appeal, defendant concedes that his motion for mental health diversion was untimely, but contends that his counsel was ineffective for failing to file a motion before trial. Accordingly, he seeks a conditional reversal and remand for the trial court to determine his eligibility and suitability for mental health diversion.

Defendant also asserts that the trial court erred in declining to award him 1,398 days in conduct credit. The People concede that the court erred in failing to award conduct credits

5

and we agree.[3]

A. *Legal Principles*

A criminal defendant's right to counsel includes the right to effective legal assistance. (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).) A defendant asserting ineffective assistance of counsel must show (1) his counsel's "performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms," and (2) "resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Ibid*.)

A claim of ineffective assistance on direct appeal (as opposed to a habeas corpus proceeding), will prevail only if "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Mai, supra*, 57 Cal.4th at p. 1009.) A defendant asserting ineffective assistance bears the burden of proving his entitlement to relief by a preponderance of the evidence. (*People v. Jimenez* (2019) 35 Cal.App.5th 373, 385.)

The Legislature enacted sections 1001.35 and 1001.36 in 2018 to create a pretrial diversion program for defendants with certain mental health disorders. (*Vaughn v. Superior Court*

---

[3]    When the actual time served is an odd number, the resulting conduct credits are the next lower even number. (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 827, fn. 3.)

6

(2024) 105 Cal. App. 5th 124, 133.) Pretrial diversion "'allows for the suspension of criminal proceedings and potential dismissal of charges upon successful completion of mental health treatment.'" (*Ibid.*)

The criteria for eligibility and suitability for mental health diversion are set forth in section 1001.36, subdivisions (b) and (c). A defendant is eligible if: (1) the defendant has been diagnosed with a recognized mental health disorder; and (2) the disorder was "a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(2).) A defendant is suitable for diversion if: (1) a mental health expert opines that the defendant's mental health disorder contributing to the offense would respond to treatment; (2) the defendant consents to diversion and waives his right to a speedy trial; (3) the defendant agrees to comply with treatment as a condition of diversion; and (4) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (c).)

A trial court retains discretion to deny diversion even if the statutory requirements are met, but this discretion is not unfettered: it must be exercised in a manner consistent with the principles and purpose of the law governing diversion. (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 888, 891–892.)

B.     *Deficient Performance*

Here, defense counsel advised the trial court that he had no tactical reason for not requesting mental health diversion prior to trial. Notwithstanding defense counsel's concession, the Attorney General proposes two purportedly plausible reasons for trial counsel's failure to earlier request mental health diversion. First,

the Attorney General argues that "[n]othing in the record suggests that [Dr. Ignillo's] report would have been available before trial." We disagree as Dr. Ignillo's report was based, in part, on defendant's prison records from 2003 and 2004 documenting defendant's paranoia, his medication for "mood and psychotic disorder," and his diagnosis of bipolar disorder. Further, the record reflects that defendant earlier "mentioned" the availability of mental health diversion to his counsel.

Second, the Attorney General proffers that defense counsel "could have reasonably concluded that such a petition could wait until after trial" and cites *People v. Curry* (2021) 62 Cal.App.5th 314, 320–326 (*Curry*), review granted July 14, 2021 (S267394), vacated and cause remanded in light of *People v. Braden, supra*, 14 Cal.5th 791 in support. *Curry,* however, was decided after the completion of the jury trial in this matter. In any event, we decline to reject defense counsel's concession that he did not act with a tactical purpose when he failed to earlier move for pretrial diversion. Instead, we accept defense counsel's concession as it is supported by the record. (See *Strickland v. Washington* (1984) 466 U.S. 668, 691 ["the reasonableness of counsel's actions may be determined or substantially influenced" by the information the defendant provided him]; *In re Edward S.* (2009) 173 Cal.App.4th 387, 406 [if defense counsel fails to make a rational and informed decision on strategy and tactics founded on adequate investigation and preparation, counsel's action, no matter how unobjectionable in the abstract, is professionally deficient].)

C.  *Prejudice*

We next consider whether defendant has demonstrated prejudice, that is, whether there is a reasonable probability that but for counsel's deficient performance, the trial court would have granted defendant's request for mental health diversion.  As the Attorney General impliedly concedes, Dr. Ingillo's report satisfied the elements of defendant's eligibility for mental health diversion.  And, as to whether defendant was suitable for such diversion, defendant stated that he had "mentioned" such diversion to his counsel, which supports a finding that he would have consented to diversion and waived his right to a speedy trial.  Further, Dr. Ingillo opined that the symptoms motivating defendant's behavior would respond to mental health treatment and defendant did not pose an unreasonable risk of danger to the public if he received treatment.  Thus, defendant has demonstrated that he could establish the elements of his suitability for mental health diversion.

The Attorney General, however, contends that the trial court's denial of defendant's *Romero* motion, which also relied on Dr. Ingillo's report, demonstrates that the court would have exercised its discretion to similarly deny defendant's request for mental health diversion.  Motions for mental health diversion and *Romero* motions to strike prior convictions, however, serve distinct purposes and thus involve different analyses.

The Three Strikes Law initiative "was intended to restrict courts' discretion in sentencing repeat offenders."  (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)  Under *Romero, supra*, 13 Cal.4th 497, a trial court may "strike prior felony conviction allegations in cases brought under the Three Strikes

9

law" (*id.*, at pp. 529–530) if the sentencing court ""conclud[es] that an exception to the scheme should be made because . . . [a particular] defendant should be treated as though he actually fell outside the Three Strikes scheme.""" (*Carmony, supra*, 33 Cal.4th at p. 377.) Factors for the court to consider in determining whether "the defendant may be deemed outside the scheme's spirit" are "the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

The mental health diversion program, on the other hand, seeks to increase diversion of defendants with mental health disorders based on the recognition that "'incarceration only serves to aggravate [their] preexisting conditions and does little to deter future lawlessness' (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 215 (2017–2018 Reg. Sess.) as amended Jan. 3, 2018, p. 4)," whereas "[s]uccessful mental health treatment . . . both helps the individual and makes the community safer." (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 890–891 (*Sarmiento*).) Consistent with this purpose, a trial court's finding of an ""unreasonable risk . . . to public safety,""" so as to preclude mental health diversion of an otherwise eligible defendant, "means a likelihood that the defendant will commit one of the violent felonies specifically enumerated in [section 667, subdivision (e)(2)(c)(iv)]," also known as a "super-strike offense." (*Sarmiento, supra*, 98 Cal.App.5th at pp. 892, 897, fn. omitted.)

Given the different aims of the two motions and the nonidentical sets of factors that a court considers in deciding the merits of those motions, the trial court's determination that defendant did not fall outside the spirit of the Three Strikes Law

10

does not foreclose the reasonable possibility that the court would have granted defendant's motion for mental health diversion had it considered its merits. On this record, a remand is appropriate for the court to consider the merits of that motion in the first instance.

## IV. DISPOSITION

The judgment is conditionally reversed, and the matter is remanded for the trial court to consider defendant's motion for mental health diversion on its merits. The court is also directed to award defendant 1,398 days of conduct credit. Pursuant to Business and Professions Code, section 6086.7, subdivision (a)(2), the clerk of this court is direct to forward a copy of this opinion to the State Bar upon return of the remittitur, and to notify defendant's trial counsel of the referral.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

12